# EXHIBIT "D-3"

FILED
4/15/2016 1:21:47 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-16-01831-B

**CAUSE NO. _____**

| | | |
|---|---|---|
| WALTER HENRY, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CONNS APPLIANCE, INC and | § | DALLAS COUNTY, TEXAS |
| ALLIED INTERSTATE, LLC, | § | |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WALTER HENRY, plaintiff in the above styled action ("Plaintiff"), complaining of Defendants CONNS APPLIANCE, INC. ("Conns") and ALLIED INTERSTATE, LLC ("ALLIED"), (collectively referred to as "Defendants"), and for causes of action would respectfully show the Court as follows:

## I.
## CLAIM

1.      This is an action for breach of contract and for damages brought by an individual consumer against Defendants for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA") and the Texas Fair Debt Collection Practices Act, Tex. Finance Code § 392, et seq. ("TFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.
## DISCOVERY CONTROL PLAN

2.　　Discovery is intended to be conducted under Level One, pursuant to Texas Rules of Civil Procedure 190.2(a), as this suit involves only monetary claims equaling less than $100,000.00.

## III.
## PARTIES

3.　　Plaintiff is an individual residing in Dallas, TX.

4.　　Conns is a business entity regularly engaged in the business of collecting debts in this State, with its principal place of business located at 4055 Technology Forest Blvd Suite 210, Spring, TX 77381.

5.　　Allied is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 7525 W Campus Rd., New Albany, OH 43054.  The principal purpose of Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.　　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and Tex. Finance Code § 392.001(1).

## IV.
## JURISDICTION

7.　　This Court has jurisdiction over Defendants because Defendants are either domiciled in Texas and/or continuously do business in Texas. This Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of the Court.

**V.**
**VENUE**

8.      Venue is proper in Dallas County, Texas, because a substantial part of the

events and omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas.

**VI.**
**FACTS**

9.      Allied attempted to collect a debt allegedly owed by Plaintiff relating to

consumer purchases allegedly owed to Conns.

10.      The debt at issue arises out of an alleged transaction which was primarily

for personal, family or household purposes and falls within the definition of "Consumer

debt" for purposes of Tex. Finance Code § 392.001(2) and "debt" for purposes of 15

U.S.C. § 1692a(5).

11.      On September 29, 2015, Plaintiff and Allied, on behalf of Conns, verbally

entered into a settlement agreement for Plaintiff's Conns account ending in 8331. A copy

of the recording is available upon request.

12.      Pursuant to the terms of the settlement, Plaintiff was required to make five

(5) monthly payments, totaling $579.92.

13.      Thus, Defendants acknowledged in writing that they had agreed to a

settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be

required to make.

14.      On October 9, 2015, Plaintiff, via his debt settlement company, National

Debt Relief (hereinafter "NDR"), timely made the first payment. Proof of this payment is

attached herein as Exhibit A.

15.     However, although Plaintiff and NDR made subsequent settlement payments available, Conns and Allied refused to accept these payments, thereby breaching the parties' agreement.

16.     Thereafter, from December 21, 2015 to February 23, 2016, NDR attempted to contact Allied to resolve the payment discrepancy; however, these efforts proved fruitless as no one from Allied returned any of NDR's voicemails.

17.     On February 23, 2016, NDR contacted Conns. A Conns representative stated that Conns would not honor the prior settlement agreement.

18.     Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

19.     Defendants' settlement letter was also false, deceptive, and misleading, in violation of the FDCPA and TFDCPA.

20.     Defendants knew or should have known that their actions violated the FDCPA and TFDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA and TFDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## VII.
## CAUSE OF ACTION

23.     Defendants' conduct, acts and failures were the cause and proximate cause of expenses, losses, and damages to Plaintiff.  The acts, conduct and failures of Defendants constituted violations of legal duties giving rise to at least the following cause of action:

<u>BREACH OF CONTRACT</u>

24.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25.     Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

26.     Plaintiff made the first required monthly payment, in accordance with the agreement.  Defendants accepted and cashed the first payment but refused to accept any subsequent payment from Plaintiff.

27.     Defendants 'reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

28.     As a result, Plaintiff has suffered actual and monetary damages.

<u>BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

29.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30.     By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their settlement agreement with Plaintiff.

31.     As a result, Plaintiff has suffered actual and monetary damages.

## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

33.     Defendants violated provisions of the TFDCPA, including, but not limited to, the following:

34.     Texas Finance Code § 392.304 (a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt.

35.     Tex. Finance Code § 392.304 (a)(19) prohibits any false representation or deceptive means to collect a debt.

36.     Defendants violated these provisions of the TFDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and then subsequently demanding the original balance from Plaintiff.

## FAIR DEBT COLLECTION PRACTICES ACT

37.     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

38.     The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39.     Allied violated provisions of the FDCPA, including, but not limited to, the following:

40.     FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

41.     FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

42.     Allied violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

## VIII.
## DAMAGES

43.     As a result of the above violations of the TFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing in this cause, Plaintiff have and recover a judgment against the Defendants as follows:

1)      That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

2)      That judgment be entered against Defendants for actual damages pursuant to Texas Finance Code § 392.403(a)(2);

3)      That the Court award costs and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b);

4)      That judgment be entered against Defendant Allied for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

5)      That judgment be entered against Defendant Allied for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6)      That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

7)      That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Reznik Law Firm

Katheryn Cole Bell
Tx Bar # 24076266
30 Wall St., 8th Floor, #741
New York, NY 10005
212-537-9276 – Telephone
877-366-4747 – Facsimile
Katheryn@rezniklawfirm.com

ATTORNEYS FOR PLAINTIFF

Plaintiff's Exhibit A



2016-03-21  09:49 AM

## FEDERAL RESERVE SYSTEM
FedACH
Item Detail

### Item Information

| | | | |
|---|---|---|---|
| Originator ABA: | 041000124 | Account Number: | ███████3075 |
| Receiver ABA: | 111000753 | Trans Code: | 27 |
| Individual Name: | 100893912002 | Amount: | $25.92 |
| Individual ID No: | 7386 | Description: | |
| Trace Number: | 15282001380990 | | |

### Output Batch Information

| | | | |
|---|---|---|---|
| Company Name: | CCOPUSFXTPRECTPR | Batch Number: | 9 |
| Service Class: | 200 | Company ID: | 410919488 |
| SEC Code: | TEL | Effective Entry Data: | 10/09/2015 |
| Company Entry Description: | PAYMENTS | Settlement Date: | 10/13/2015 |